IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:24-CV-49-FL

| | |
|---|---|
| KENNY ROOSEVELT HOLLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COMMISSIONER MARTIN O'MALLEY, ) | |
| SSA; COMMISSIONER ANGEL ) | ORDER |
| QUIROS, CT Dept. of Correc.; and ) | |
| COMMISSIONER ANDREA BARTON ) | |
| REEVES CT DSS, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court upon review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiffs' complaint be dismissed (DE 5). Plaintiff filed objections to the M&R. Also before the court are plaintiff's motions for entry of default, for fact finding hearing, and for writ of mandamus (DE 10, 11, 12, 13). In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Upon careful review of the record, "the court may accept, reject,

1

or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, the magistrate judge recommends dismissal of plaintiff's action because "[p]laintiff has only made conclusory allegations that Defendants discriminated and conspired against him." (DE 5 at 3). In plaintiff's objections, plaintiff does not provide a basis for departing from the analysis of the magistrate judge with respect to defendants designated as "Commissioner Angel Quiros, CT Dept. of Correc." and "Commissioner Andrea Barton Reeves CT DSS," in the complaint. (DE 1 at 1). Therefore, the court ADOPTS in this part the M&R, plaintiff's claims against these two defendants are dismissed for failure to state a claim upon which relief can be granted.

By contrast, in his objections, plaintiff suggests that he seeks to assert a Social Security claim for review on the basis of an Appeals Council decision dated July 30, 2024, which he attaches to his objections. (See DE 9-2). "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The court construes plaintiff's objection as including a motion to amend complaint to assert a Social Security claim for review under § 405(g). Where "the court should freely give leave" to amend, Fed. R. Civ. P. 15(a)(2), and where plaintiff's claim in this part may not be futile, the court allows plaintiff's motion to amend and declines in this part to adopt the M&R.

Thus, the court will allow plaintiff leave to file one amended complaint particularizing his Social Security claim for review. The amended complaint may be filed again using the form pro

2

se complaint for a civil case, with Martin O'Malley, Commissioner of Social Security, as the sole defendant. Plaintiff must forth the statement of the claim as one for review of a Social Security determination related to the Appeals Council decision dated July 30, 2024. (See DE 9-2). Plaintiff shall not assert claims that are unrelated to such Social Security decision. Finally, the amended complaint will be considered the complaint in its entirety and the court will not review plaintiff's prior filings to identify any misplaced claims. Failure to comply with the instructions set forth herein may result in dismissal of this action. See Fed. R. Civ. P. 41(b) (addressing court's authority to dismiss an action for failure to prosecute or comply with the court's prior orders).

Where the court has not yet completed review of any such amended complaint pursuant to 28 U.S.C. § 1915(e), plaintiff's motions for entry of default, for fact finding hearing, and for writ of mandamus (DE 10, 11, 12, 13) are denied.

## CONCLUSION

Upon careful review of the M&R, the court hereby ADOPTS IN PART the recommendation of the magistrate judge as its own, as it pertains to dismissal of claims against defendants designated as "Commissioner Angel Quiros, CT Dept. of Correc." and "Commissioner Andrea Barton Reeves CT DSS," in the complaint. (DE 1 at 1). Plaintiff's claims against these two defendants are DISMISSED for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e), and the clerk is DIRECTED to terminate these two defendants. In remaining part, the court declines to adopt the M&R, and the court allows plaintiff leave to file an amended complaint asserting a Social Security claim for review against Martin O'Malley, Commissioner of Social Security. Plaintiff is DIRECTED to file an amended complaint in accordance with the instructions set forth herein, on or before **January 21, 2025.** Plaintiff's

motions for entry of default, for fact finding hearing, and for writ of mandamus (DE 10, 11, 12, 13) are DENIED.

SO ORDERED, this the 26th day of December, 2024.

                                                                                                                   LOUISE W. FLANAGAN
                                                                                                                    United States District Judge